UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
NACHMAN LEFKOWITZ
FEIGI LEFKOWITZ
      Plaintiffs,

vs.

CREDITOR'S INTERCHANGE
RECIEVEABLES MANAGEMENT, LLC,
MR. McOHANO, TIM HUTCHINS,
MR. ZIMMER and JOHN DOE 1-10,
XYZ, INC 1-10, ten names being fictitious and
unknown to the plaintiffs, the person
or parties intended being the persons
or parties, if any,
      Defendants.
      Defendants.
----------------------------------------x

COMPLAINT FOR VIOLATION
OF THE FAIR DEBT COLLECTION
PRACTICES ACT

Plaintiffs Demand A Trial By Jury

**08 CIV. 0356**

**BRIEANT**

## INTRODUCTION

1. This is an action for damages and declaratory relief by individual consumers for Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (hereinafter FDCPA) and infliction of emotional distress.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Defendants violated the provisions of the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

1

## PARTIES

3. Plaintiffs, Nachman Lefkowitz and Feigi Lefkowitz are husband and wife residing at 8 Miele Road, Monsey, New York, 10952, Rockland County.

4. Defendant, Creditor's Interchange Receivables Management, LLC (hereinafter "Creditor's Interchange") is a debt collection agency with its corporate headquarters located at 80 Holtz Drive, Buffalo, New York 14225, Erie County, and is regularly engaged in the collection of debt in this state.

5. Defendant, Mr. Mc Ohano, an employee of Creditor's Interchange, a debt collector with corporate headquarters located at 80 Holtz Drive, Buffalo, New York 14225, Erie County. He collects debts for his employer.

6. Defendant, Tim Hutchins, an employee of Creditor's Interchange, a debt collector with corporate headquarters located at 80 Holtz Drive, Buffalo, New York 14225. He collects debts for his employer.

7. Defendant, Mr. Zimmer, an employee of Creditor's Interchange, a debt collector with corporate headquarters located at 80 Holtz Drive, Buffalo, New York 14225. He collects debts for his employer.

8. John Does are various employees of Defendant Creditor's interchange whose identity is unknown to Plaintiffs at this time but when their identity is discovered, the complaint may be amended to include them as party Defendants.

## FACTUAL ALLEGATIONS

9. In or around September of 2007, a collection agency, which would not identify itself, called Plaintiff, Nachman Lefkowitz on his wireless phone, on a daily basis, trying to collect a debt.

10. The first time Defendant called, Plaintiff, Mr. Lefkowitz told them not to call, that he did not owe any debt. Plaintiff asked the caller's name, he said it was "Tim". Tim started to argue for 10 minutes, in a rude manner. Plaintiff, Mr. Lefkowitz eventually hung up the phone.

11. Despite Plaintiff, Mr. Lefkowitz's, dispute of the debt, various employees of Defendant Creditor's Interchange would call daily. Plaintiff, Mr. Lefkowitz usually did not answer, but on occasion when he did speak to them, he told them he does not owe any debt.

12. Plaintiff was never told the amount that Defendant was trying to collect. Defendants did say, when asked by Plaintiff, that they are collecting for a debt owed to Citibank. Plaintiff does have a credit card with Citibank, but is current and has no delinquencies or debt with Citibank.

13. On Monday, October 29, 2007, at 8:56 am, Plaintiffs received a message on their voice mail from Defendant Creditor's Interchange. The employee, who did not state his name said "...Rockland county claims now filed against Mr. & Mrs. Lefkowitz...I received a fax regarding 8 Miele Road, Monsey New York" he instructed Plaintiff that they or their legal counsel should call their office at 1- 800-545-2386 ext 3499, and mention the "Rockland County filing against you, 11424831".

14. On the next day, October 30, 2007 at 9:19 am, Defendant Mr. McOhano on behalf of Defendant Creditor's Interchange left a message on Plaintiff's answering machine stating that he is "head of the acquisition for Bank of America." He said that he got Plaintiff's message the other day, but never got their representing counsel information. He finished the message by saying "The case was processed yesterday evening, we will

3

be moving for a decision in county today." He left his callback number, 1-800-545-2386 ext 4172.

15. On Wednesday, October 30, 2007, at 9:27 am, Defendant Tim Hutchins left a message on Plaintiff's machine for Plaintiff, Feigi, stating that he needs a callback from her "today when you get this message". He left his phone number, 1-877-770-6335 ext. 3536.

16. On the same day, Wednesday, October 31, 2007, around 1 oclock in the afternoon, Plaintiffs again received a call from Defendant Creditor's Interchange. When they did not answer the call, Mr. Zimmer left a message on their machine stating "My name is Mr. Zimmer calling from the legal division in Erie County New York on Wednesday October 31st 1 pm Eastern Standard Time, calling regarding documentation which will be placed over in the Rockland County Clerk's office tomorrow morning at 10 am… also regarding property at 8 Miele road, Monsey, NY. I do need an immediate return call from yourself or your attorney; you can contact my office toll free at 1-800-545-2386 ext 3313. Case number you'll need when returning my call is 11424831. Feigi or Nachman its imperative I hear from yourself or your attorney no later than 6 pm eastern standard time on the 31st of October, thank you."

17. These threatening calls caused severe emotional distress, anxiety, fear, worry and sleepless nights to Plaintiffs.

18. Defendants never sent Plaintiff any validation notice.

19. Upon information and belief, Defendant Creditor's Interchange has a pattern and practice of collecting non-existent debts; threatening to sue when they do not intend to do so; and representing that they are a governmental entity.

4

## FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20.     The allegations of paragraphs 1-19 in this pleading are incorporated as if fully rewritten herein.

21.     Defendants violated 15 U.S.C. 1692d(5) by calling daily and continuously despite Plaintiff's request that they cease calling him.

22.     Defendants violated 15 U.S.C. 1692d(6) by calling Plaintiffs and failing to state that they were calling from Creditors interchange and that they are collecting a debt. Instead Defendants represented that they were calling from the town and from Bank of America.

23.     Defendants violated 15 U.S.C. 1692e(1) by representing that they were the legal department of Erie County, New York.

24.     Defendants violated 15 U.S.C. 1692e(2) by misrepresenting the character of the debt as being a valid debt, when in fact Plaintiff did not owe any debt and by misrepresenting the legal status of the debt as being a "Rockland County filing", when in fact they did not file any lawsuit, they are not an attorney, and were only trying to collect a debt.

25.     Defendants violated 15 U.S.C. 1692e(4) by representing that they are calling about taking a legal action regarding Plaintiffs' property.

26.     Defendants violated 15 U.S.C. 1692e(5) and 15 U.S.C. 1692e(10) by threatening to sue Plaintiff when they had no right to do so and never intended to do so.

27. Defendants violated 15 U.S.C. 1692e(8) by threatening to communicate false information to the Rockland County Court that Defendant owed a debt, despite the fact that he did not owe any debt and had disputed owing any debt.

28. Defendants violated 15 U.S.C. 1692e(14) by failing to state that they are from a collection agency and that they are trying to collect a debt.

29. Defendants violated 15 U.S.C. 1692e(14) by representing that they are from "Bank of America" and from the "legal division of Erie County".

30. Defendants violated 15 U.S.C. 1692f(1) by attempting to collect a non-existent debt which they were not authorized by any agreement or by law to collect.

31. Defendants violated 15 U.S.C. 1692f(6) by continuing to call on Plaintiff's cellphone thereby using Plaintiff's minutes and causing unnecessary charges to Plaintiff.

32. Defendants violated 15 U.S.C. 1692f(6) by threatening to file a lawsuit against Plaintiffs regarding their property.

33. Defendants violated 15 U.S.C. 1692g by failing to send a validation notice to Plaintiffs.

34. As a direct and proximate result of these violations, Plaintiffs have been injured and may continue to suffer such injury in the future.

35. As a direct and proximate result of the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND CLAIM: INFLICTION OF EMOTIONAL DISTRESS

36. The allegations of paragraphs 1-35 in this pleading are incorporated as if fully rewritten herein.

37. Defendants called Plaintiffs at their residence repeatedly. Defendant left threatening messages on Plaintiff answering machine and harassed Plaintiffs, threatening to take their property, and file actions against them

38. Defendants misrepresented that they were calling from the government in a willful attempt to frighten Plaintiffs.

39. Defendants' harassing telephone calls were made intentionally, knowing that the debt was disputed by Plaintiff and that the debt was time barred or with a reckless disregard as to whether or not the information was disputed and time barred.

40. As a direct and proximate result thereof, Plaintiff's has suffered emotional injured and emotional distress and may continue to suffer such injury in the future.

## JURY DEMAND

Plaintiffs hereby demand a Trial by Jury.

**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against Defendants for the following:

    A.    Declaratory judgment that Defendants' conduct violated the FDCPA, and injunctive relief for Defendants' violations of the FDCPA;

    B.    Statutory damages, where applicable;

C. Actual damages as proven at trial, on each and every claim;

D. Punitive damages;

E. Costs and reasonable attorney fees; and

E. For such other and further relief as may be just and proper.

DATED: December 14, 2007
          Spring Valley, NY

/s/ _____
Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY  10977
(845) 425-2510